**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WAYNE R. ALLETTO,
    Appellant,

    v.

OFFICE OF PERSONNEL
    MANAGEMENT,
        Agency.

DOCKET NUMBER
PH-844E-16-0209-I-1

DATE: September 20, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Wayne R. Alletto, Jewett City, Connecticut, pro se.

Linnette Scott, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which vacated its reconsideration decision and remanded the appellant's disability retirement application to OPM for further consideration. Generally, we grant petitions such as this one only when:  the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  For the reasons discussed below, we DENY OPM's petition for review, AFFIRM the initial decision, and REMAND the case to OPM for further adjudication in accordance with this Order.

¶2      Shortly prior to his separation from Federal service on January 23, 2004, the appellant applied for disability retirement.  In an initial decision dated May 5, 2004, OPM denied his application and gave him proper notice of his right to request reconsideration of the initial decision within 30 days of the date of the initial decision.  Initial Appeal File (IAF), Tab 5 at 57-62.  The appellant did not request reconsideration.

¶3      In 2014, the appellant filed another application for disability retirement.  *Id.* at 27-56.  OPM recognized a connection between the 2014 application with the earlier application and assigned them the same Civil Service Annuity (CSA) case numbers.  *Compare id.* at 27, *with id.* at 57.  Nevertheless, OPM determined that the 2014 application was an entirely new application, which it dismissed because it was not filed within 1 year of his separation, as required by 5 U.S.C. § 8453, and the appellant did not show that he was mentally incompetent at the time of his separation or that he became incompetent within 1 year thereafter.  IAF, Tab 5 at 23-26.  OPM affirmed its decision in a reconsideration decision dated January 13, 2016, and this appeal followed.  IAF, Tabs 1, 6 at 4-5.

¶4      In an initial decision issued on the written record, the administrative judge found that the appellant had filed a disability retirement application within the statutory deadline when he applied for disability retirement in 2003, and that OPM should have adjudicated his 2014 application as a late-filed request for reconsideration. IAF, Tab 8, Initial Decision at 4. He vacated the reconsideration decision and remanded the case to OPM for further review and issuance of a new reconsideration decision. *Id.* at 4-5.

¶5      OPM has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. OPM argues on review that the administrative judge misinterpreted 5 U.S.C. § 8453 and § 841.306(c)-(d).[2] As noted above, section 8453 sets forth a 1-year deadline for filing a disability retirement application with a limited exception in cases of mental incompetence. Section 841.306(c)-(d) sets forth the form in which a request for reconsideration must be made, provides for a 30-day deadline, and provides for an exception to the deadline when the applicant was not notified of it or was prevented by circumstances beyond his control from complying with it. Neither of these provisions is apt here. The issue before the Board on review of the initial decision is whether the administrative judge correctly found that OPM should have adjudicated the appellant's 2014 disability retirement application as though it were a request for reconsideration of its 2004 initial decision denying his 2003 disability retirement application *or* whether OPM acted correctly by adjudicating the appellant's 2014 disability retirement application as an entirely new application subject to new filing deadlines. OPM's arguments pertain to the

---

[2] OPM actually cites 5 C.F.R. § 831.109(d)-(e). PFR File, Tab 1 at 4. Section 831.109 applies to disability retirement under the Civil Service Retirement System (CSRS) and not to this case, which is a disability retirement under the Federal Employees' Retirement System (FERS). The CSRS and FERS regulations contain many similar provisions, however, and 5 C.F.R. § 841.306(c)-(d) is substantially the same as 5 C.F.R. § 831.109(d)-(e). We will consider OPM's argument as if it had cited the correct regulation.

deadlines that apply once the decision as to how to adjudicate the 2014 application is made.

¶6        The administrative judge correctly found that OPM obviously was aware of the appellant's earlier case when it adjudicated his 2014 case. We agree that it is odd that OPM did not mention the earlier case during the adjudication of the later case, especially given the fact that OPM referenced the same CSA number as in the earlier case but treated this as a new case. There may well be good reasons for OPM's decision to adjudicate the 2014 application as a new case rather than a request for reconsideration of the old case. However, OPM has not explained what those reasons might be. Moreover, we are aware of no law, rule, or regulation that permits or forbids the filing of multiple disability retirement applications, or that sets forth any standards or procedures for dealing with multiple applications when they occur.

¶7        We find, therefore, that OPM's petition for review does not identify any error in the initial decision and otherwise does not meet the criteria for review. Accordingly, we affirm the initial decision and remand this case to OPM.

## ORDER

¶8        On remand, OPM shall issue a new reconsideration decision that treats the appellant's 2014 disability retirement application as a request for reconsideration of OPM's 2004 decision on his 2003 disability retirement application. OPM shall issue the new reconsideration decision within 60 days from the date of this Order and shall advise the appellant of his appeal rights if he disagrees with that new decision. *See, e.g.*, *Stephenson v. Office of Personnel Management*, 119 M.S.P.R. 457, ¶ 6 (2013).

¶9        We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The

appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶10     No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.